Filed 4/26/23  P. v. Hicks CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KEVIN HICKS,<br><br>    Defendant and Appellant. | B320008<br><br>(Los Angeles County<br>Super. Ct. No. BA370760) |

APPEAL from an order of the Superior Court of Los Angeles County.  Robert Perry, Judge.  Reversed and remanded with directions.

Richard B. Lennon and Nancy Gaynor, Staff Attorney, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Stefanie Yee, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant and defendant Kevin Hicks appeals from the trial court's order declining to follow the recommendation of the California Department of Corrections and Rehabilitation (CDCR) to recall defendant's sentence and resentence him under Penal Code section 1172.1[1] (former section 1170, subdivision (d)(1)).[2]

Defendant argues that recent changes to section 1172.1 entitle him to a remand so that he can receive the benefit of a new statutory presumption in favor of resentencing, which he did not receive; the People agree and joins defendant's request for remand. We concur with both parties and remand to the trial court for further proceedings in accordance with section 1172.1.

## FACTS AND PROCEDURAL BACKGROUND

In 2014, a jury convicted defendant of conspiracy to commit the crimes of robbery and kidnapping for robbery. (§§ 182, subd. (a)(1), 209, subd. (a), 211.) The jury also found true the special allegation that a principal was armed with a firearm. (§ 12022, subd. (a)(1).)

At sentencing, the trial court found true the special allegation that defendant had a prior serious felony conviction. (§ 667, subd. (a).) It then sentenced defendant to life in prison,

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     When the trial court issued the summary denial, the relevant recall and resentencing petition was numbered section 1170, subdivision (d)(1). While amending that provision in 2021, the Legislature renumbered it to section 1170.03. (Stats. 2021, ch. 719, § 3.1.) Effective June 30, 2022, section 1170.03 was renumbered to section 1172.1, with no change in text. (Stats. 2022, ch. 58, § 9.)

2

plus one year for the firearm allegation and five years for the prior serious felony, with parole eligibility after 14 years.

In 2015, we affirmed appellant's conviction, but struck the sentence enhancement based on the firearm allegation. (*People v. Rose* (Dec. 1, 2015, B254912) [nonpub. opn.].)

In March 2020, the CDCR sent a letter to the trial court recommending that defendant's sentence be recalled and that he be resentenced. (Former § 1170, subd. (d).) It does not appear that defendant was notified of this recommendation. Six months later, the trial court declined to follow the CDCR's recommendation, finding that defendant "is a dedicated and repeat offender who poses a clear danger to society and is undeserving of any reduction in his sentence."

Defendant subsequently appealed.[3]

## DISCUSSION

## I. Section 1172.1

When the CDCR recommended that defendant be resentenced, former section 1170, subdivision (d)(1) authorized the trial court to recall a defendant's sentence at any time following the CDCR's recommendation. The trial court could then "resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." (Former § 1170, subd. (d)(1).) "[T]he resentencing court has jurisdiction to modify every aspect of the sentence, and not just the portion subjected to the recall." (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)

---

[3] On June 2, 2022, we granted defendant relief from default for failing to file a timely notice of appeal and gave him 30 days to file a notice of appeal. He filed a notice of appeal 12 days later.

Assembly Bill No. 1540 (2021-2022 Reg. Sess.) retained this basic structure but added several new provisions. Prominently, section 1172.1 now entitles defendants to a presumption in favor of recall and resentencing upon receipt of a CDCR recommendation. The presumption "may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety as defined in subdivision (c) of section 1170.18."[4] (§ 1172.1, subd. (b)(2); see § 1170.18, subd. (c) [defining the required risk threshold as "an unreasonable risk that the petitioner will commit a new violent felony"].)

At resentencing, the court must now "apply any changes in law that reduce sentences or provide for judicial discretion." (§ 1172.1, subd. (a)(2).) If the prosecution and a defendant agree to it, the court may "[v]acate the defendant's conviction and impose judgment on any necessarily included lesser offense or lesser related offense, whether or not that offense was charged in the original pleading, and then resentence the defendant to a reduced term of imprisonment." (§ 1172.1, subd. (a)(3)(B).)

Lastly, Assembly Bill No. 1540 creates a host of new procedural rights for defendants. Whereas former section 1170, subdivision (d) "apparently [did] *not* require the [trial] court to respond to [a] recommendation" from the CDCR at all (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 459), it must now "provide notice to the defendant and set a status conference within 30 days after the date that the court received the [CDCR recommendation]. The court's order setting the conference shall also appoint counsel to represent the defendant." (§ 1172.1, subd.

---

[4] The trial court's statement that defendant is "a clear danger to society" and "undeserving of any reduction in his sentence" does not necessarily satisfy this exception.

4

(b)(1).)  Before denying a recommendation for resentencing, the court must provide "a hearing where the parties have an opportunity to address the basis for the intended denial or rejection."  (§ 1172.1, subd. (a)(8).)  And when issuing its decision, the court must "state on the record the reasons for its decision to grant or deny recall and resentencing."  (§ 1172.1, subd. (a)(6).)

## II.  Analysis

Defendant's sole argument on appeal (albeit for a variety of reasons) is that, in light of the recent amendments to section 1172.1, his case should be remanded for reconsideration of the sentencing recall request of the CDCR.  The People agree, as do we.

Because the trial court denied defendant's petition before these new provisions were enacted, it did not notify defendant of the CDCR's recommendation, appoint counsel, apply a presumption in favor of recall and resentencing, or explain its reasons for denying recall and resentencing.  In other words, the trial court did not follow the new law.  The parties contend that this was error because the new law applies to defendant's case for the reasons explained in *People v. McMurray* (2022) 76 Cal.App.5th 1035, 1039–1040 (*McMurray*).

Regardless of whether *McMurray* was rightly decided, it would be a waste of judicial resources to deny defendant's request to remand for a new hearing.  The CDCR has already decided that defendant is a worthy candidate for recall and resentencing. If we decided that the new law does not apply retroactively to defendant's case, the CDCR could simply file a new recommendation to recall defendant's sentence, triggering a new process to which section 1172.1 would doubtless apply.  By remanding now, we avoid this unnecessary process.

5

In light of our conclusion, all remaining arguments raised by defendant are moot.

**DISPOSITION**

We reverse the August 4, 2020, order denying recall and remand this case to the trial court with directions to apply the provisions of section 1172.1.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.
ASHMANN-GERST

We concur:

_____, P. J.
LUI

_____, J.
CHAVEZ